McGREGOR W. SCOTT
United States Attorney
ROGER YANG
MATTHEW M. YELOVICH
KEVIN C. KHASIGIAN
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

**FILED**

DEC 1 3 2018

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

SEALED

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>HEIDI PHONG,<br>ZHEN SHANG LIN,<br>LI JUAN WANG, and<br>FENG LI,<br><br>                    Defendants. | CASE NO. 2:18-CR-0258 JAM<br><br>18 U.S.C. § 1956(h) – Conspiracy to Commit Money Laundering; 21 U.S.C. §§ 846, 841(a)(1) – Conspiracy to Manufacture Marijuana (3 Counts); 21 U.S.C. § 841(a)(1) – Manufacture of Marijuana (2 Counts); 18 U.S.C. § 1956(a)(2)(A) (3 Counts); 18 U.S.C. § 982(a)(1) and 21 U.S.C. § 853(a) – Criminal Forfeiture |

# INDICTMENT

COUNT ONE: [18 U.S.C. § 1956(h) – Conspiracy to Commit Money Laundering]

The Grand Jury charges:

HEIDI PHONG,

defendant herein, as follows:

### I.     INTRODUCTION

1.     HEIDI PHONG was a licensed real estate broker residing in Elk Grove, California.

2.     Phong Enterprise, Inc., doing business as HP Real Estate, was a real estate corporation operating in Sacramento, California, whose designated and licensed officer was HEIDI PHONG.

3.     Skye Investment, LLC, was a limited liability corporation managed by HEIDI PHONG.

## II. THE CONSPIRACY

4. From in or about June 2014 through in or about April 2018, in the County of Sacramento, State and Eastern District of California, and elsewhere, HEIDI PHONG, defendant herein, did knowingly combine, conspire, and agree with persons known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit: to transport, transmit, and transfer and attempt to transport, transmit, and transfer a monetary instrument and funds to a place in the United States from and through a place outside the United States with the intent to promote the carrying on of specified unlawful activity, that is, manufacture of marijuana in violation of Title 21, United States Code, Section 841(a)(1), all in violation of Title 18, United States Code, Sections 1956(a)(2)(A) and (h).

## III. MANNER AND MEANS

In furtherance of the conspiracy, PHONG and others known and unknown to the Grand Jury, employed the following manner and means, among others:

5. Using HP Real Estate, PHONG represented buyers of residential real estate in the greater Sacramento area who intended to convert these houses to indoor marijuana cultivation sites.

6. These home buyers used wire transfers from China, often in wire amounts slightly below the $50,000 limitation on outbound wire transfers from China, to fund the down payments for these home purchases. In many cases, once the wired funds were in the United States, the funds from multiple wires in the names of different individuals would be aggregated to make the down payment on a single home.

7. PHONG and her coconspirators often arranged for the financing of these homes through "hard money" lenders in order to lessen the chance of detection, as these lenders did not have the same level of review used by traditional banks to ensure legitimate income and the ability to repay the loan. PHONG and her coconspirators used these lenders even though the resulting loan arrangements cost the borrower(s) more in interest, fees, and down payment amounts, among other terms.

8. In addition to earning a commission on each house purchase, PHONG occasionally invested directly in the property purchases, through Skye Investment, LLC, in the form of loans to the home purchaser, in order to ensure that the purchaser could close the transaction.

INDICTMENT

2

1  9.  PHONG and her coconspirators took steps to avoid detection of the ongoing conspiracy, including by creating false lease and rental agreements to make it appear to law enforcement as though the homeowner(s) were not the home occupants maintaining a marijuana grow, by arranging for home purchasers to place title for their properties in others' names, and by assisting home purchasers in refinancing loans in order to prevent lender(s) from conducting property inspections that might detect ongoing marijuana grow activity.

10.  Similarly, PHONG advised her clients on how to avoid penalties should law enforcement suspect their properties were being used to grow marijuana. Among other things, PHONG advised clients to remove money from their bank accounts to deter seizure of assets, to place utilities for grow homes in others' names, and to avoid visiting grow homes when law enforcement was scrutinizing them. All in violation of Title 18, United States Code, Section 1956(h).

COUNT TWO: [21 U.S.C. §§ 846, 841(a)(1) – Conspiracy to Manufacture Marijuana]

The Grand Jury charges: T H A T

HEIDI PHONG,

defendant herein, between in or about March 2016, and continuing through in or about April 2018, in the County of Sacramento, State and Eastern District of California, did knowingly and intentionally conspire and agree with Tian He Tan and Jenny Chu, charged in the Eastern District of California in Case No. 2:18-cr-0134, and persons known and unknown to the Grand Jury, to manufacture at least 100 marijuana plants, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

COUNT THREE: [21 U.S.C. §§ 846, 841(a)(1) – Conspiracy to Manufacture Marijuana]

The Grand Jury charges: T H A T

HEIDI PHONG,

defendant herein, between in or about June 2014, and continuing through in or about April 2018, in the Counties of Sacramento and Amador, State and Eastern District of California, did knowingly and intentionally conspire and agree with Daniel Zhu, charged in the Eastern District of California in Case No. 2:18-cr-0198, and persons known and unknown to the Grand Jury, to manufacture at least 100 marijuana plants, a Schedule I Controlled Substance, in violation of Title 21, United States Code,

Sections 846 and 841(a)(1).

COUNT FOUR: [21 U.S.C. §§ 846, 841(a)(1) – Conspiracy to Manufacture Marijuana]

The Grand Jury further charges: T H A T

HEIDI PHONG,
ZHEN SHANG LIN, and
LI JUAN WANG,

defendants herein, between in or about December 2015, and continuing through in or about April 2017, in the Counties of Sacramento and Yuba, State and Eastern District of California, did knowingly and intentionally conspire and agree with each other and persons known and unknown to the Grand Jury to manufacture at least 100 marijuana plants, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

COUNT FIVE: [21 U.S.C. § 841(a)(1) – Manufacture of Marijuana]

The Grand Jury further charges: T H A T

ZHEN SHANG LIN, and
LI JUAN WANG,

defendants herein, from in or about December 2016, through in or about April 2017, at 5656 Shires Way, in the County of Yuba, State and Eastern District of California, and elsewhere, did knowingly and intentionally manufacture at least 100 marijuana plants, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

COUNT SIX: [21 U.S.C. § 841(a)(1) – Manufacture of Marijuana]

The Grand Jury further charges: T H A T

FENG LI,

defendants herein, from in or about December 2015, through in or about April 2017, at 9700 Clay Station, in the County of Sacramento, State and Eastern District of California, and elsewhere, did knowingly and intentionally manufacture at least 100 marijuana plants, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

COUNT SEVEN: [18 U.S.C. § 1956(a)(2)(A) – Money Laundering]

The Grand Jury further charges: T H A T

ZHEN SHANG LIN, and
LI JUAN WANG,

defendants herein, on or about November 6, 2015, in the County of Sacramento, State and Eastern District of California, and elsewhere, did knowingly and intentionally transport, transmit, and transfer monetary instruments and funds, and aid and abet others to transport, transmit, and transfer monetary instruments and funds, that is, a wire in the amount of $49,985.00, to a place in the United States, that is Bank of America account ending x5633, from and through a place outside the United States, that is, account ending x2304 at the Industrial and Commercial Bank of China, with the intent to promote the carrying on of specified unlawful activity, that is, manufacture of marijuana in violation of Title 21, United States Code, Section 841(a)(1), in violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2.

COUNT EIGHT: [18 U.S.C. § 1956(a)(2)(A) – Money Laundering]

The Grand Jury further charges: T H A T

ZHEN SHANG LIN, and
LI JUAN WANG,

defendants herein, on or about November 12, 2015, in the County of Sacramento, State and Eastern District of California, and elsewhere, did knowingly and intentionally transport, transmit, and transfer monetary instruments and funds, and aid and abet others to transport, transmit, and transfer monetary instruments and funds, that is, a wire in the amount of $49,985.00, to a place in the United States, that is Bank of America account ending x5633, from and through a place outside the United States, that is, account ending x1780 at the Industrial and Commercial Bank of China, with the intent to promote the carrying on of specified unlawful activity, that is, manufacture of marijuana in violation of Title 21, United States Code, Section 841(a)(1), in violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2.

COUNT NINE: [18 U.S.C. § 1956(a)(2)(A) – Money Laundering]

The Grand Jury further charges: T H A T

FENG LI,

defendant herein, on or about November 19, 2015, in the County of Sacramento, State and Eastern District of California, and elsewhere, did knowingly and intentionally transport, transmit, and transfer monetary instruments and funds, and aid and abet others to transport, transmit, and transfer monetary

instruments and funds, that is, a wire in the amount of $49,985.00, to a place in the United States, that is Wells Fargo Bank account ending x6037, from and through a place outside the United States, that is, account ending x8739 at the Industrial and Commercial Bank of China, with the intent to promote the carrying on of specified unlawful activity, that is, manufacture of marijuana in violation of Title 21, United States Code, Section 841(a)(1), in violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2.

FORFEITURE ALLEGATION: [18 U.S.C. § 982(a)(1) and 21 U.S.C. § 853(a) – Criminal Forfeiture]

1. Upon conviction of one or more of the offenses alleged in Counts One and Seven through Nine of this Indictment, defendants HEIDI PHONG, ZHEN SHANG LIN, LI JUAN WANG, and FENG LI shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), all property, real or personal, involved in such offenses, and any property traceable to such property, including but not limited to the following:

    a. Approximately $55,100.00 in U.S. Currency,
    b. Approximately $12,276.00 in U.S. Currency, and
    c. A sum of money equal to the amount of money involved in the offenses, for which defendants are convicted.

2. Upon conviction of one or more of the offenses alleged in Counts Two through Six of this Indictment, defendants HEIDI PHONG, ZHEN SHANG LIN, LI JUAN WANG, and FENG LI shall forfeit to the United States pursuant to Title 21, United States Code, Section 853(a), any property constituting or derived from proceeds obtained, directly or indirectly, as a result of such violations; and any property used, or intended to be used, in any manner or part to commit or to facilitate the commission of the violations, including but not limited to the following:

    a. Approximately $55,100.00 in U.S. Currency,
    b. Approximately $12,276.00 in U.S. Currency, and
    c. A sum of money equal to the total amount of proceeds obtained as a result of the offenses, or conspiracy to commit such offenses, for which defendants are convicted.

3. If any property subject to forfeiture, as a result of the offenses alleged in Counts One through Nine of this Indictment, for which defendants are convicted:

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the Court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and 18 U.S.C. § 982(b)(1), to seek forfeiture of any other property of defendants, up to the value of the property subject to forfeiture.

A TRUE BILL.

/s/ **Signature on file w/AUSA**

_____
FOREPERSON

*[signature]*

McGREGOR W. SCOTT
United States Attorney

INDICTMENT

7

No. 2:18-CR-0258 JAM

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

THE UNITED STATES OF AMERICA

vs.

HEIDI PHONG,
ZHEN SHANG LIN,
LI JUAN WANG, and
FENG LI

## INDICTMENT

**VIOLATION(S):** 18 U.S.C. § 1956(h) – Conspiracy to Commit Money Laundering;
21 U.S.C. §§ 846, 841(a)(1) – Conspiracy to Manufacture Marijuana (3 Counts);
21 U.S.C. § 841(a)(1) – Manufacture of Marijuana (2 Counts);
18 U.S.C. § 1956(a)(2)(A) (3 Counts);
18 U.S.C. § 982(a)(1) and 21 U.S.C. § 853(a) – Criminal Forfeiture

*A true bill,*

**/s/ Signature on file w/AUSA**

*Foreman.*

*Filed in open court this* 13th *day of* DECEMBER*, A.D. 20* 18

NO BAIL WARRANT PENDING HEARING
as to all defendants

*Clerk.*

*Bail, $* _____

GPO 863 525

2:18 - CR - 0258 JAM

## United States v. PHONG, et al.
### Penalties for Indictment

**Defendants**
HEIDI PHONG, ZHEN SHANG LIN, LI JUAN WANG, and FENG LI

**COUNT 1:**        **HEIDI PHONG**

VIOLATION:      18 U.S.C. § 1956(h) – Conspiracy to Commit Money Laundering

PENALTIES:      Up to 20 years in prison; or
Fine of up to $500,000 or twice the value of the monetary instrument or funds involved, whichever is greater; or both fine and imprisonment
Supervised release of 3 years

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNT 2:**        **HEIDI PHONG**

VIOLATION:      21 U.S.C. §§ 846, 841(a)(1) – Conspiracy to Manufacture At Least 100 Plants of Marijuana

PENALTIES:      Mandatory minimum of 5 years in prison and a maximum of up to 40 years in prison; or
Fine of up to $5,000,000; or both fine and imprisonment
Supervised release of at least 4 years up to life

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNT 3:**        **HEIDI PHONG**

VIOLATION:      21 U.S.C. §§ 846, 841(a)(1) – Conspiracy to Manufacture At Least 100 Plants of Marijuana

PENALTIES:      Mandatory minimum of 5 years in prison and a maximum of up to 40 years in prison; or
Fine of up to $5,000,000; or both fine and imprisonment
Supervised release of at least 4 years up to life

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNT 4:**        **HEIDI PHONG, ZHEN SHANG LIN, LI JUAN WANG**

VIOLATION:      21 U.S.C. §§ 846, 841(a)(1) – Conspiracy to Manufacture At Least 100 Plants of Marijuana

PENALTIES:   Mandatory minimum of 5 years in prison and a maximum of up to 40 years in prison; or
Fine of up to $5,000,000; or both fine and imprisonment
Supervised release of at least 4 years up to life

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNT 5:**   **ZHEN SHANG LIN, LI JUAN WANG**

VIOLATION:   21 U.S.C. § 841(a)(1) – Manufacture of At Least 100 Plants of Marijuana

PENALTIES:   Mandatory minimum of 5 years in prison and a maximum of up to 40 years in prison; or
Fine of up to $5,000,000; or both fine and imprisonment
Supervised release of at least 4 years up to life

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNT 6:**   **FENG LI**

VIOLATION:   21 U.S.C. § 841(a)(1) – Manufacture of At Least 100 Plants of Marijuana

PENALTIES:   Mandatory minimum of 5 years in prison and a maximum of up to 40 years in prison; or
Fine of up to $5,000,000; or both fine and imprisonment
Supervised release of at least 4 years up to life

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNTS 7–8:**   **ZHEN SHANG LIN, LI JUAN WANG**

VIOLATION:   18 U.S.C. § 1956(a)(2)(A) – Money Laundering

PENALTIES:   Up to 20 years in prison; or
Fine of up to $500,000 or twice the value of the monetary instrument or funds involved, whichever is greater; or both fine and imprisonment
Supervised release of 3 years

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNT 9:**   **FENG LI**

VIOLATION:   18 U.S.C. § 1956(a)(2)(A) – Money Laundering

PENALTIES:  Up to 20 years in prison; or
Fine of up to $500,000 or twice the value of the monetary instrument or funds involved, whichever is greater; or both fine and imprisonment
Supervised release of 3 years

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**FORFEITURE ALLEGATION:   all Defendants**

VIOLATION:  18 U.S.C. § 982(a)(1) and 21 U.S.C. § 853(a) – Criminal Forfeiture

PENALTIES:  As stated in the charging document