MCGREGOR W. SCOTT
United States Attorney
ROGER YANG
MATTHEW M. YELOVICH
KEVIN C. KHASIGIAN
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:18-CR-00134 MCE |
|---|---|
| Plaintiff, | |
| v. | |
| TIAN TAN, *et al.*, | |
| Defendants. | |
| UNITED STATES OF AMERICA, | CASE NO. 2:18-CR-00198 MCE |
| Plaintiff, | |
| v. | |
| DANIEL ZHU, | |
| Defendant. | |
| UNITED STATES OF AMERICA, | CASE NO. 2:18-CR-00258 JAM |
| Plaintiff, | |
| v. | |
| HEIDI PHONG, *et al.*, | |
| Defendants. | **NOTICE OF RELATED CASES** |
| | [E.D. Cal. L.R. 123] |

TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD,

The United States of America, through its undersigned counsel, Assistant United States Attorney ROGER YANG, MATTHEW M. YELOVICH, and KEVIN C. KHASIGIAN, hereby gives notice that the above-captioned matters are likely related cases within the meaning of Eastern District of California Local Rule 123. These cases involve overlapping evidence and witnesses, are based in part on the same facts, and involve the same overarching indoor marijuana cultivation activity funded by wires from China. Moreover, the indictment in Phong, et al. specifically references conspiracies involving defendants from the other two above-captioned cases. Accordingly, relating these cases is likely to effectuate substantial savings of judicial resources.

In United States v. Tan, et al., Case No. 2:18-CR-00134 MCE, defendants Tian Tan and Jenny Chu were charged with indoor marijuana cultivation offenses and offenses related to international money laundering to promote such cultivation. The defendants, a married couple, control at least three properties that are named in the civil forfeiture actions referenced above. The defendants are named in Count Two of the Phong, et al. indictment as conspiring with defendant Heidi Phong to manufacture marijuana. See Case No. 2:18-CR-00258 JAM, ECF 1 at 3.

In United States v. Zhu, Case No. 2:18-CR-00198 MCE, defendant Daniel Zhu was charged with indoor marijuana cultivation offenses and offenses related to international money laundering to promote such cultivation. The defendant controls at least three properties that are named in the civil forfeiture actions referenced above. The defendant is named in Count Three of the Phong, et al. indictment as conspiring with defendant Heidi Phong to manufacture marijuana. See Case No. 2:18-CR-00258 JAM, ECF 1 at 3–4.

In United States v. Phong, et al., No. 2:18-CR-00258 JAM, defendants Heidi Phong, Zhen Shang Lin, Li Juan Wang, and Feng Li are charged with various offenses related to indoor marijuana cultivation and international money laundering to promote such cultivation. Phong is charged with multiple separate conspiracies involving the defendants from Tan, et al. and Zhu, as described above, as well as conspiring with Lin and Wang, while Lin and Wang are charged with conspiring with each other and Feng Li.

Owing to the overlapping facts involved in these cases and the same overarching indoor marijuana cultivation and international money laundering through China activity, these cases tend to fit within the definition of related cases provided by Local Rule 123. Under that definition, actions are related when "(1) both actions involve the same parties and are based on the same or a similar claim; (2) both actions involve the same property, transaction, or event; (3) both actions involve similar questions of fact and the same question of law and their assignment to the same Judge or Magistrate Judge is likely to effect a substantial savings of judicial effort, either because the same result should follow in both actions or otherwise; or (4) for any other reasons, it would entail substantial duplication of labor if the actions were heard by different Judges or Magistrate Judges." E.D. Cal. L.R. 123(a). These criminal actions are clearly related within the meaning of the rule—the defendants among the three cases are all named in the <u>Phong, et al.</u> indictment, which charges defendant Heidi Phong with conspiring with defendants named in the other two cases—and reassignment would likely effectuate substantial savings of judicial effort given the overlapping questions of fact and law that will arise in the three cases. Accordingly, the United States hereby files this notice of related cases in the above-described cases.

Dated: April 6, 2019

MCGREGOR W. SCOTT
United States Attorney

By: /s/ MATTHEW M. YELOVICH
ROGER YANG
MATTHEW M. YELOVICH
KEVIN C. KHASIGIAN
Assistant United States Attorneys