1  McGREGOR W. SCOTT
   United States Attorney
2  ROGER YANG
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone:  (916) 554-2700
   Facsimile:  (916) 554-2900
5
   Attorneys for Plaintiff
6  United States of America

7

8                IN THE UNITED STATES DISTRICT COURT

9                EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,          CASE NO.  2:18-CR-00258 MCE

                      Plaintiff,        STIPULATION REGARDING EXCLUDABLE
12                                       TIME PERIODS UNDER SPEEDY TRIAL ACT;
                      v.                 ORDER
13
    HEIDI PHONG,                         DATE: January 21, 2021
14  LI JUAN WANG,                        TIME: 10:00 a.m.
    ZHEN SHANG LIN, and                  COURT: Hon. Morrison C. England, Jr.
15  FENG LI.

16                     Defendants.

17

18        This case was set for status on January 21, 2021.  The Court continued this case to February 4,

19  2021.  (Doc. 92).  On May 13, 2020, this Court issued General Order 618, which suspends all jury trials

20  in the Eastern District of California "until further notice."  Further, pursuant to General Order 611, this

21  Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial

22  Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed

23  district judges to continue all criminal matters to a date after May 2, 2021.[1]  This and previous General

24  Orders, as well as the declarations of judicial emergency, were entered to address public health concerns

25  related to COVID-19.

26        Although the General Orders and declarations of emergency address the district-wide health

27

28        _____
          [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
    request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
    will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

    STIPULATION REGARDING EXCLUDABLE TIME          1
    PERIODS UNDER SPEEDY TRIAL ACT

concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

justice exception, § 3161(h)(7) (Local Code T4).[2]  If continued, this Court should designate a new date for the status hearing.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.      By previous order, this matter was set for status on January 21, 2021.

2.      The Court continued the status hearing to February 4, 2021.  After consultation, the parties now request to continue the status conference until April 22, 2021. The parties now move to exclude time between January 21, 2021, and April 22, 2021, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has represented that the discovery associated with this case includes terabytes of data, chats that need translation, and voluminous records.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

b)      Counsel for defendant desires additional time to examine the evidence, and conduct their own investigation.  The difficulties with interacting with the clients continue due to COVID restrictions.

c)      Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)      The government does not object to the continuance.

e)      In addition to the public health concerns cited by the General Orders and declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because two of the defendants are currently

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

residing in New York.  This, and the recent local spike in infections, has made travel to and from that area impossible, and made communications with defendants extremely difficult.

f)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of January 21, 2021 to April 22, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  January 11, 2021                    McGREGOR W. SCOTT
                                            United States Attorney


                                            /s/ ROGER YANG
                                            ROGER YANG
                                            Assistant United States Attorney

Dated:  January 11, 2021                     /s/ Noa Oren
                                            Noa Oren
                                            Federal Public Defender
                                            Attorney for Defendant Zhen Shang
                                            Lin


Dated:  January 11, 2021                    NOLAN BARTON & OLMOS LLP

                                             /s/ Daniel B. Olmos
                                            Daniel B. Olmos
                                            Attorney for Defendant Feng Li



Dated:  January 11, 2021                     /s/ J. PATRICK McCARTHY
                                             J. PATRICK McCARTHY
                                             Counsel for Defendant
                                             HEIDI PHONG


**ORDER**

IT IS SO ORDERED.

Dated:  January 14, 2021


MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE