PHILLIP A. TALBERT
United States Attorney
ROGER YANG
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>    v.<br><br>HEIDI PHONG,<br>LI JUAN WANG,<br>ZHEN SHANG LIN, and<br>FENG LI.<br><br>          Defendants. | CASE NO. 2:18-CR-00258 JAM<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: February 1, 2022 |

This case was set for status on February 1, 2022. On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice." Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2, 2021.[1] This and previous General Orders, as well as the declarations of judicial emergency, were entered to address public health concerns related to COVID-19.

Although the General Orders and declarations of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

1

1   "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

2   findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-

3   record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such

4   failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153

5   (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit

6   findings on the record "either orally or in writing").

7   　　Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

8   and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial

9   emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the

10   judge granted such continuance on the basis of his findings that the ends of justice served by taking such

11   action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C.

12   § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of

13   the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of

14   such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

15   　　The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."

16   18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address

17   continuances stemming from pandemics, natural disasters, or other emergencies, this Court has

18   discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-

19   week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d

20   764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.

21   *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to

22   exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

23   The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated

24   by the statutory rules.

25   　　In light of the societal context created by the foregoing, this Court should consider the following

26   case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

27

28

justice exception, § 3161(h)(7) (Local Code T4).[2]  If continued, this Court should designate a new date for the status hearing.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.      By previous order, this matter was set for status on February 1, 2022.

2.      The parties now request to continue the status conference until May 3, 2022. The parties now move to exclude time between February 1, 2022, and May 3, 2022, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has represented that the discovery associated with this case includes terabytes of data, chats that need translation, and voluminous records.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.  Counsel for Li Juan Wang entered the case relatively recently, and needs time to review the discovery.

b)      Counsel for defendant desires additional time to examine the evidence, and conduct their own investigation.  The difficulties with interacting with the clients continue due to COVID restrictions.

c)      Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)      The government does not object to the continuance.

e)      In addition to the public health concerns cited by the General Orders and declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because three of the defendants are currently

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

residing in New York.  This, and the recent local spike in infections, has made travel to and from that area impossible, and made communications with defendants extremely difficult.

f)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of February 1, 2022 to May 3, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

***Remainder of this page intentionally left blank***

IT IS SO STIPULATED.

Dated:  January 27, 2022                    PHILLIP A. TALBERT
                                           United States Attorney


                                           /s/ ROGER YANG
                                           ROGER YANG
                                           Assistant United States Attorney

Dated:   January 27, 2022                   /s/ Noa Oren
                                           Noa Oren
                                           Federal Public Defender
                                           Attorney for Defendant Zhen Shang
                                           Lin


Dated:   January 27, 2022                   NOLAN BARTON & OLMOS LLP

                                            /s/ Daniel B. Olmos
                                           Daniel B. Olmos
                                           Attorney for Defendant Feng Li




Dated:  January 27, 2022                    /s/ Daniel Lynch
                                            Daniel Lynch
                                            Counsel for Defendant
                                            Li Juan Wang

Dated:  January 27, 2022                    /s/ J. PATRICK McCARTHY
                                            J. PATRICK McCARTHY
                                            Counsel for Defendant
                                            HEIDI PHONG



## FINDINGS AND ORDER

IT IS SO FOUND AND ORDERED this 31st day of January, 2022.


                                            /s/ John A. Mendez
                                            THE HONORABLE JOHN A. MENDEZ
                                            UNITED STATES DISTRICT COURT JUDGE