J. PATRICK McCARTHY
Attorney at Law, #41920
901 H Street, Suite 304
Sacramento, CA   95814
(916) 442-1932

Attorney for Defendant, Heidi Phong

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>HEIDI PHONG,<br><br>Defendant. / | Case No.  2:18-cr-00258-JAM-1<br><br>**STIPULATION AND ORDER CONTINUING STATUS CONFERENCE**<br><br>Date:  November 19, 2024<br>Time:  9:00 am<br>Judge:  Hon. John A. Mendez |

IT IS HEREBY STIPULATED by and between the Government, through Assistant United States Attorney Roger Yang, and Defendant Heidi Phong, through her counsel, as follows:

1. By previous order, this matter was set for status on November 19, 2024.

2. The parties now request to continue the status conference until January 28, 2025. The parties move to exclude time between November 19, 2024 and January 28, 2025, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3. The parties agree and stipulate, and request that the Court find the following:

   a. The government has represented that the discovery associated with this case includes terabytes of data, chats that need translation, and voluminous records.

All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

Stipulation and Order - 1

b.  Counsel for defendant desires additional time to examine the evidence, and conduct his own investigation.

c.  Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d.  The government does not object to the continuance; however, the government will not consent to any further continuances and it is the government's position that this case needs to be set for trial as soon as possible.

e.  Counsel for Heidi Phong is currently experiencing a medical event which might affect his ability to actively participate in this case for, at least, the near future. In an attempt to avoid, or at least delay, chemical treatment of a malignant lung nodule, a short regimen of targeted radiation was completed on September 27, 2024.  At the time of the filing of the Stipulation on September 16, 2024, it was mistakenly believed that the efficacy of the radiation treatment would be subject to evaluation in early November.  In fact, the radiation oncologist advised that the efficacy would not be subject to meaningful evaluation until, at least, three months after the conclusion of the regimen of radiation.  Based on information available to date, scans and blood tests needed to measure the success or failure of the radiation will be conducted at the end of December 2024 or early January 2025.  If the treatment proves to be effective, chemical treatment may be avoided for the foreseeable future…at least in the short term…and activity can be resumed, including trial of this case.  If chemical treatment becomes necessary, which may have significant side effects, the resumption of normal activity is questionable.  The requested continuance will allow defense counsel the time necessary to resolve his medical issues, which will determine his availability to continue his representation of Ms. Phong.

f.  Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

g.  For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of November 19, 2024 to January 28, 2025, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.  Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  November 12, 2024						Respectfully submitted,

/s/ J. Patrick McCarthy
J. PATRICK McCARTHY,  Attorney for
Defendant Heidi Phong

/s/ Roger Yang
ROGER YANG, Assistant U.S. Attorney
Attorney for Plaintiff

## ORDER

The Court, having received, read and considered the stipulation of the parties, and good cause appearing, adopts the stipulation in its entirety as its order.  The Court specifically finds that the failure to grant a continuance in this case would deny defense counsel reasonable time necessary to resolve his medical issues and for effective preparation taking into account the exercise of due diligence.  The Court finds that the ends of justice served by granting the continuance outweigh the best interest of the public and the defendants in a speedy trial.

**Further Status Conference RESET** for **January 28, 2025, at 9:00 a.m.**  The Court orders the time from November 19, 2024 and January 28, 2025 excluded from computation of time within which the trial of this case must commence under the speedy trial act, pursuant to 18 U.S.C. §§3161(h)(7) and Local Code T4.

DATED: November 14, 2024        /s/ John A. Mendez
                                THE HONORABLE JOHN A. MENDEZ
                                SENIOR UNITED STATES DISTRICT JUDGE