# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>HEIDI PHONG,<br><br>    Defendant. | Case No. 2:18-cr-00258-JAM-1<br><br>ORDER REQUIRING GOVERNMENT TO SHOW CAUSE WHY BOND SHOULD NOT BE RETURNED TO SURETY<br><br>**FOURTEEN DAY DEADLINE** |

As relevant here, on December 21, 2018, the assigned Magistrate Judge held a detention hearing as to Defendant Heidi Phong and ordered that Defendant would be released on a $400,000 collateral bond: $250,000 secured by cash, $150,000 secured by residence. (ECF No. 12.) On December 26, 2018, Defendant posted a cash bond in the amount of $250,000 (Receipt # CAE200094888), as well as entered an agreement posting the $150,000 secured by residence. (ECF No. 16.) Defendant and the surety were advised that the bond "will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence." (Id.)

On October 22, 2025, the District Judge, following a plea agreement (ECF No. 232), entered judgment and sentenced Defendant Heidi Phong to time served. (ECF No. 270.)

Accordingly, the Court shall order the Government to show cause in writing within **fourteen (14) days** of entry of this order why the $250,000 cash bond and $150,000 security by

residence should not be released to the surety. If the Government does not respond to this show cause order in writing, that lack of response will be construed as a non-opposition to an order by the Court directing the Clerk of Court to return the bond to the address of the surety on file.

IT IS SO ORDERED.

Dated:  **December 10, 2025**

STANLEY A. BOONE
United States Magistrate Judge